United States District Court

Eastern District of California

Melvin L. Wilson,

      Petitioner,                     No. Civ. S 05-0357 LKK PAN P

  vs.                                  Order

Scott Kernan, Warden,

      Respondents.

-oOo-

    August 16, 2005, petitioner requested appointment of counsel and an extension of time.

    There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 18 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). Unless an evidentiary hearing is necessary, the decision to appoint counsel

1 is discretionary. Bashor v. Risley, 730 F.2d 1228, 1234 (9th
2 Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8©, Rules
3 Governing § 2254 Cases.
4      In deciding whether to appoint counsel the court exercises
5 discretion governed by a number of factors, including the
6 likelihood of success on the merits and the applicant's ability
7 to present his claims in light of their complexity. Weygandt v.
8 Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v.
9 Risley, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the
10 presumption of regularity in the state's procedures for confining
11 prisoners suggests a lack of likely success and counsels against
12 appointment of counsel. See Maclin v. Freake, 650 F.2d 885, 887
13 (7th Cir. 1981). As a general rule, the court will not appoint
14 counsel unless the applicant shows his claim has merit in fact
15 and law. Id. Even if the applicant overcomes this hurdle, the
16 court will not appoint counsel if the law is settled and the
17 material facts are within the petitioner's possession, viz., they
18 do not require investigation outside the prison walls. Id. at
19 887-88.
20      Here, petitioner alleges his constitutional rights were
21 violated in connection with his 2002 conviction. The law
22 governing the issues raised is settled. Neither factual
23 development nor legal insight are required because these
24 proceedings are limited to claims that already were identified
25 and presented to the California Supreme Court. There is, on the
26 record before the court, no reason to believe appointment of

counsel would be of significant benefit.

    Petitioner's August 16, 2005, request for the appointment of counsel therefore is denied.  Petitioner is granted an extension to file his reply, which is due filed and served 30 days from service of this order.

    So ordered.

    Dated:  August 23, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge